(Reap. Dec. 10419)

WHEELER & MILLER, A/C SHELFORD, INC., ET AL. v. UNITED STATES

Entry No. 32104, etc.

(Decided January 10, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule "A" for decision upon stipulation, reading as follows:

1. That this stipulation is limited to the items marked "A" and initialed JTC (Examiner's Initials) by Examiner John T. Clifford (Examiner's Name) on the invoices covered by the above-entitled appeals.

2. That as so limited the merchandise and the issues are the same in all material respects as those the subject of *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That as so limited, the prices at the time of exportation at which such or similar merchandise was freely sold or offered for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values less the proportionate part of the items on the invoices marked "B" in green ink by the Examiner; and that at the said time of exportation, such or similar merchandise was not freely offered or sold for home consumption in the country of exportation.

4. That the involved merchandise was entered or withdrawn from warehouse for consumption both before and after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

5. That the appeals enumerated in the attached Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described herein above and abandoned in all other respects.

On the agreed facts, I find that export value, as defined in section 402(d), Tariff Act of 1930, or section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the merchandise to which the appeals have been limited, as described in paragraph 1 of the stipulation, and that such values in any case were the appraised value, less the proportionate part of the items on the invoices marked "B" in green ink by the examiner.

As to all items other than those described in paragraph 1 of the stipulation, the appeals for reappraisement having been abandoned, are dismissed.

Judgment will issue accordingly.